

2003 OCT 28  P 3: 21

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| D.L. RYAN COMPANIES, LTD. | : | Civil Action |
| Plaintiff, | : | No. 3:03CV1037 (JCH) |
| V. | : | Removed from the Superior Court of the State of Connecticut, |
| ALTA HEALTH & LIFE INSURANCE COMPANY | : | J.D. of Stamford/Norwalk |
| Defendant. | : | OCTOBER 28, 2003 |

## RULE 16 JOINT STATUS REPORT

The plaintiff, **D.L. RYAN COMPANIES, LTD**. ("Ryan"), and the defendant, **ALTA HEALTH AND LIFE INSURANCE COMPANY** ("Alta"), by and through their respective undersigned attorneys and pursuant to the Status Conference Order of this Court (Hall, J.) dated July 23, 2003, hereby submit this joint status report, as follows:

I.     Nature of the Case

This action arises out of two written contracts between Ryan and Alta pertaining to a health insurance plan that Ryan established for its employees. Ryan claims that Alta owes it refunds under the contracts of approximately $110,000.00 in over payments of insurance premiums, together with damages on account of employee claims paid by it (approximately, $8,200 to date) after Alta placed the claims on "administrative hold"

following the termination of the parties' contractual relationship.    Alta claims that no refunds or other sums are due to Ryan and that Ryan, instead, owes the total sum of $44,398.54 in unpaid terminal fees, pre-termination premiums and claims paid on behalf of Ryan after Ryan defaulted on its obligation to pay terminal fees.

Both sides claim attorney fees and interest. Ryan claims attorneys fees based on breach of contract, CUTPA, common law conversion and statutory theft claims and Alta claims attorneys fees based on its breach of contract counterclaim. Ryan also claims punitive and treble damages, and equitable relief in the form of an order compelling Alta to pay and administer the remaining Ryan employee claims.

II.     Disputed issue of Fact and Law

The parties disagree on the meaning and intent of the two contracts.  The parties also disagree as to whether the agreed upon contracts were subsequently superceded by replacement contracts.  Ryan denies that they were.  Alta claims that Ryan accepted the updated contracts, but that even if the initial contracts were not superceded, it makes no difference with respect to the core issue of who is owed money by whom because the meaning of the pertinent terms of the contracts remained unchanged after the contract forms were updated . Ryan believes that the alleged subsequent contracts support its understanding of the "original" agreement, that is, that over payments of premiums by Ryan would be returned to it.

Ryan disputes Alta's legal argument (and the basis for Alta's removal of this action from state court) that Ryan's claims are governed by ERISA. Alta claims that some or all of Ryan's claims, and in particular, its CUTPA and injunctive causes of action, are preempted by ERISA.

III.   Discovery

The parties have exchanged their initial Rule 26 discovery. They have also exchanged their respective damages analysis. In addition, Alta has answered Ryan's first and second sets of interrogatories. Alta has sent a request for production, the response to which is not yet due. Ryan has noticed the deposition of an Alta employee, and the parties are attempting to reschedule same at a mutually convenient date.

Alta anticipates that approximately three to four depositions of Ryan representatives will be required, and expects to notice such depositions for December and early January. Ryan may need to take 1 or 2 follow-up depositions depending on the outcome of the noticed deposition.

IV.   Dispositive Motions

Alta expects to file a motion for summary judgment on Ryan's Complaint and Alta's Counterclaim. Ryan may move to dismiss for lack of subject matter jurisdiction.

V.   Pleadings

No further pleadings are contemplated other than dispositive motions.

VI.   Trial

The parties presently anticipate that the case will be ready for trial by April

1, 2004 or within a reasonable time after a decision on any dispositive motions. The parties estimate that trial will take 2 to 3 days.

VII.   Additional Preparation

None is anticipated at this time.

VIII.  Court Intervention

A settlement conference is probably the best way to facilitate the progress of this case.

IX.    Settlement Conference

The parties agree that a settlement conference would be beneficial at this time.

X.     Certifications

THE PARTIES HEREBY CERTIFY THAT THEY HAVE HAD SUBSTANTIVE SETTLEMENT DISCUSSIONS IN GOOD FAITH SINCE THE DATE OF THE COURT'S STATUS CONFERENCE ORDER.  COUNSEL ALSO CERTIFY THAT THEY HAVE DISCUSSED THE POSSIBILITY OF REFERRAL TO A MAGISTRATE JUDGE FOR TRIAL WITH THEIR RESPECTIVE CLIENTS AND EACH PARTY HAS AGREED THIS CASE MAY BE REFERRED.

**THE PLAINTIFF**

By: *Mark J. Kovack* (signature)
Mark J. Kovack (CT 01431)
Wake, See, Dimes & Bryniczka
27 Imperial Avenue/P.O. Box 777
Westport, CT 06881-0777
Telephone: (203) 227-9545
Telecopier: (203) 226-1641
E-mail: mkovack@wsdb.com
Its attorneys

**THE DEFENDANT**

By: *Marie A. Casper* (signature)
Marie A. Casper (ct 08974)
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601-1740
Tele: (203) 333-9441
Facsimile: (203) 333-1489
Email: mcasper@znclaw.com

ITS ATTORNEYS